BRYAN SCHRODER
United States Attorney

KIMBERLY SAYERS-FAY
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kim.sayers-fay@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00055-TMB |
| Plaintiff, | ) ) ) | **PLEA AGREEMENT** |
| vs. | ) ) | |
| MICHAEL LEE GRAVES, | ) ) | |
| Defendant. | ) ) ) | |

> **Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in this case: Count 1 - Illegal Possession of a Machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and Count 3 – Possession of Unregistered Firearms, in violation of 26 U.S.C. §§ 5861(d) and 5871. Both Graves and the United States will jointly recommend imposition of an 18-month sentence if and only if Graves satisfactorily fulfills certain requirements beforehand. Both parties will recommend that his sentence of incarceration be followed by a full three years of supervised release. Graves agrees to imposition of several special conditions of supervised release, described in general terms below, which may augments others the United States Probation & Pretrial Services Office may deem appropriate. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment and to dismiss Count 2 at sentencing.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may

not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II.  CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A.  Charges

**1.  The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 1:  Illegal Possession of a Machinegun, a violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

Count 3:  Possession of Unregistered Firearms, a violation of 26 U.S.C. §§ 5861(d) and 5871.

### B.  Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1.  Defendant knowingly possessed a machinegun, which term includes any part designed and intended solely and exclusively for use in converting a weapon into a machine gun; and

2.  Defendant knew the essential characteristics of the arm or item that made it a machinegun.

The elements of the charge(s) in Count 3 to which the defendant is pleading guilty are as follows:

//

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                                    Page 3 of 20

1.      Defendant knowingly possessed a firearm(s);

2.      The firearm(s) was/were in operating condition, or could readily have

been put in operating condition; and

3.      The firearm(s) was/were not registered to the defendant in the

National Firearms Registration and Transfer Record.

**C.      Factual Basis**

The defendant admits the truth of the allegations in Counts 1 and 3 of the Indictment

and the truth of the following statement, and the parties stipulate that the Court may rely

upon this statement to support the factual basis for the guilty plea(s) and for the imposition

of the sentence:

Graves ordered a fake "Glock" autoselector switch from China. When he did so,

Graves knew that the autoselector switch was a part designed and intended for use in

converting a Glock handgun into a machinegun. Indeed, that it precisely why Graves

ordered the illegal autoselector switch: he wanted to convert his Glock handgun into a fully

automatic machinegun.

On May 7, 2019, in Anchorage, Alaska, Graves accepted delivery of the illegal

autoselector switch after conferring by phone with the deliveryman, who was in fact an

undercover law enforcement officer. Graves then left that residence and went to his own

Anchorage residence, where he was contacted by the FBI. Graves answered the door with

his Glock in his waistband. He had the machinegun switch for the Glock was in his pocket.

As Graves later admitted, on May 7, 2019, he was also in possession of three

silencers that he had made. These homemade silencers, which were either functional or

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                        Page 4 of 20

capable of being made readily functional, were not registered to Graves in the National Firearms Registration and Transfer record.

### D.    Statutory Penalties and Other Matters Affecting Sentence

####     1.    Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. §§ 922(o) and 924(a)(2) (Illegal Possession of a Machinegun )

1) 10 years of imprisonment;

2) 3 years of supervised release;

3) A fine of up to $250,000 fine; and

4) A $100 mandatory special assessment.

Count 2: 26 U.S.C. § 5861(d) and 5871 (Possessing unregistered firearms)

1) 10 years of imprisonment;

2) 3 years of supervised release;

3) A fine of up to $10,000; and

4) A $100 mandatory special assessment.

####     2.    Other Matters Affecting Sentence

#####         a.    Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence:

1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                                        Page 5 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 5 of 20

to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                    Page 6 of 20

States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

## E. Restitution

There is currently no identifiable restitution owed for the offense(s) of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to

Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 7 of 20

recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

C.     Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

Graves will seek and recommend a sentence of 18 months of imprisonment. The United States will likewise recommend imposition of an 18-month sentence if and only if Graves satisfies the following requirements by 14 days *prior* to his sentencing:

1.     Graves will read *Rising Out of Hatred* by Eli Saslow and *Educated* by Tara Westover. Graves will then personally write a paper, or create a video/ multimedia presentation, explaining whether and to what extent either or both of these memoirs are relevant to him or affect his way of thinking. Through counsel, Graves will provide his paper or presentation, which should reflect an in-depth

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                     Page 8 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 8 of 20

understanding of the material, substantial time commitment, and personal effort, to the United States Attorney's Office (AUSA Sayers-Fay or the Duty Attorney), which may in turn provide it to the FBI.

2.  Graves will undertake self-study about the Holocaust by familiarizing himself with the The Holocaust: A Learning Site for Students maintained by the United States Holocaust Museum, available at https://encyclopedia.ushmm.org/content/en/project/the-holocaust-a-learning-site-for-students. There are 5 categories with specific content in each one: Nazi Rule; Jews in Prewar Germany; The "Final Solution"; Nazi Camp System; and Rescue and Resistance. Graves will choose 1 article from 2 categories and write a report summarizing the article, to be submitted through counsel to the United States Attorney's Office (AUSA Sayers-Fay or the Duty Attorney), which may in turn supply Graves' work product to the FBI. Graves' summary reports must include what he learned from the article, if there was anything surprising to him, and at least one way he was impacted by what he read. Alternatively, Graves may take, at his own expense, *World Religions Through Their Scriptures*, offered by Harvard University through the EdX platform. Graves will pay the approximately $300 fee for the four-week course to obtain the certificate documenting his satisfactory completion, which he will submit to the United States Attorney's Office.

In exchange for the United States' conditional recommendation of an 18-month period of incarceration, Graves further agrees to the following:

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                                Page 9 of 20

3. Within 48 hours of release to a private residence, any halfway house or community confinement facility, Graves shall notify the Duty Agent at the Anchorage Federal Bureau of Investigation that he is available for an interview with the FBI's Behavioral Analysis Unit. The FBI will then arrange such an interview in Anchorage, Alaska.

4. Prior to the expiration of his term of supervised release, Graves will again notify the Duty Agent at the Federal Bureau of Investigation that he is available for an exit interview with the FBI's Behavioral Analysis Unit. The FBI will then arrange such an interview.

Both parties will jointly recommend that Graves' sentence of incarceration be followed by a three-year period of supervised release, which Graves agrees he will not request or seek to terminate supervision early. The parties further agree to recommend the inclusion of the following special conditions of supervised release:

1. *Mental health counseling.* Graves agrees to participate in a program of mental health counseling as directed by the United States Probation & Pretrial Services Office. Notably, Graves' program of mental health counseling may require him to undertake additional education or activities concerning world religions, world history, multiculturalism and extremist movements.

2. *Polygraph testing.* At the request of the United States Probation & Pretrial Services Office or the FBI, Graves must participate in polygraph testing, bearing in mind that he shall retain his Fifth Amendment rights during any such testing.

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                              Page 10 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 10 of 20

3.  *Participation in PSAs.* Upon government request, Graves will participate in the creation of a public service announcement (PSA) to educate citizens about the illegality of particular weapons, including but not limited to autoselector switches, and the consequences of possessing NFA weapons. (Graves' image would not be shown.)

4.  *Prohibition on Possession of Extremist / Terroristic Materials.* Graves agrees that the United States Probation & Pretrial Services may prohibit his possession of or access to material or sources reflecting extremist or terroristic views.

5.  *Restrictions on Computer & Internet Use & Monitoring.* Graves agrees that during his period of supervised release, the United States Probation and Pretrial Services office restrict and monitor his computer and internet usage. For example, the United States Probation & Pretrial Services Office may direct that Graves shall not possess or use a computer or have access to any online service without the prior approval of the U.S. Probation and Pretrial Services Office. His cooperation shall include, but not be limited to, allowing installation of a computer and internet monitoring program and/or identifying computer systems, internet-capable devices, and similar memory and electronic devices to which he has access. Monitoring may include random examinations of his computer systems along with internet, electronic, and media storage devices under his control. The computer systems or devices may be removed for a more thorough examination, if necessary. Graves shall contribute to the cost of such monitoring

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                     Page 11 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 11 of 20

services, based on his ability to pay, as deemed appropriate by the U.S. Probation and Pretrial Services Office.

6. *Restrictions on Internet Relay Chats & Social Media.* Graves agrees that during his period of supervised release, the United States Probation and Pretrial Services office may prohibit, restrict and/or monitor his under of Internet Relay Chat, dark web, newsgroups and participation in any online social environment, including but not limited to Discord, Facebook, Twitter, Second Life, Linked In, Craigslist, FaceTime, WhatsApp or texting applications.

The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will dismiss Count 2 following sentencing, and in addition, it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB          Page 12 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 12 of 20

any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                    Page 13 of 20
Case 3:19-cr-00055-TMB-MMS  Document 85  Filed 11/12/19  Page 13 of 20

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.      Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement.  The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes.  The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                              Page 14 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 14 of 20

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                          Page 15 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 15 of 20

statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

F.      Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                    Page 16 of 20
Case 3:19-cr-00055-TMB-MMS  Document 85  Filed 11/12/19  Page 16 of 20

the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI.     ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.     THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Michael Lee Graves, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s).  There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement.  If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty.  If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                    Page 17 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 17 of 20

these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                    Page 18 of 20

issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 - Illegal Possession of a Machinegun , in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) and Count 3 - Possessing unregistered firearms , in violation of 26 U.S.C. §§ 5861 and 5871 of the Indictment.

DATED: _____11/05/19_____

_Michael Graves_
MICHAEL LEE GRAVES
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: _____11/5/19_____

_[signature]_
ALLEN DAYAN
Attorney for Michael Lee Graves

DATED: _____11/6/2019_____

_[signature]_
BENJAMIN CRITTENDEN
Attorney for Michael Lee Graves

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 11/6/2019

BRYAN SCHRODER
United States of America
United States Attorney

U.S. v. Michael Lee Graves
3:19-cr-00055-TMB                    Page 20 of 20
Case 3:19-cr-00055-TMB-MMS   Document 85   Filed 11/12/19   Page 20 of 20