ALLEN N. DAYAN
310 K Street, Suite 200
Anchorage, AK  99501
(907) 277-2330
allendayan@yahoo.com

Attorney for:
Defendant MICHAEL GRAVES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.3:19-CR-00055-TMB-MMS |
| | ) | |
| MICHAEL GRAVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SENTENCING MEMORANDUM AND FACTORS IN CONSIDERATION OF SENTENCING OF MICHAEL GRAVES**

COMES NOW the Defendant, Michael Graves, by and through his counsel Allen N. Dayan, and files his sentencing memorandum and factors in consideration of his sentence.

The sentencing range in this case is from 24 to 30 months. Supervised Release range is from 1 to 3 years. of time served.

**Proposed sentence:**

The parties have agreed to recommend a sentence of 18 months. Which after calculating time served and good time is a time

served sentence with 120 hours of community service and 3 years of supervised release


## The nature and circumstances of the offense and the history and characteristics of the defendant

Mr. Graves  is 21 years old and comes before the court with absolutely no criminal record.  He has maintained employment, been a stable member of our community and has a supportive family.

When he was 18 Graves had an accident while climbing and fractured his skull which resulted in a lengthy rehabilitation.

As an adult while Graves recovered he and his friends would view and comment on radical websites that encouraged violence and racism. He wrote posts that he thought wee funny and his friends thought they were funny but they were tainted with approval of violence and racism.

Graves was fascinated by firearms. He obtained a Glock pistol and found that a company in China had a part that would allow this semi-automatic Glock become automatic: a machine gun. Law enforcement was alerted regarding his posts and at the same time they intercepted his China made part which made his pistol automatic. Graves was arrested at his home.

When Graves was arrested it became clear that he was an immature young man who was thoughtlessly posting without regard to the post's effects on others. It also became clear he just wanted to shoot an automatic weapon at targets not people. He was so ignorant of the history of racism and its place in the world that a different kind of sentence was proposed and agreed on by the parties. Except for his posts Graves appeared to be a polite gentle young man who had never even been in a fight. Thus an agreement was entered into that if Graves would undertake to educate himself then a lighter sentence could be served.

The sentencing emphasis in case should be rehabilitation. Dr. Bruce Smith conducted a threat assessment which showed that Graves was on the low end of being a threat.

**ARGUMENT**

The decision in <u>United States v. Booker</u>, 125 S.Ct. 735, (2005), holds that the Federal Sentencing Guidelines are advisory. District Courts must consult the Guidelines but are

required to take into account the provisions set forth in 18 U.S.C. § 3553(a) when determining the particular sentence to be imposed.

The relevant factors set forth in 18 § 3553 for sentencing are:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments

issued under section 994(p) of title 28);

   (5) any pertinent policy statement--

      (A) issued by the Sentencing Commission pursuant to
section 994(a)(2) of title 28, United States Code, subject to
any amendments made to such policy statement by act of Congress
(regardless of whether such amendments have yet to be
incorporated by the Sentencing Commission into amendments
issued under section 994(p) of title 28); and

      (B) that, except as provided in section 3742(g) [18 USCS
§ 3742(g)], is in effect on the date the defendant is
sentenced.

   (6) The need to avoid unwarranted sentence disparities among
defendants with similar records who have been found guilty of
similar conduct; and

   (7) the need to provide restitution to any victims of the
offense.

  These factors provide a common sense approach to protect
society, reaffirm societal norms and provide treatment for the
defendant.

## Consideration of the 3553(a) Factors

### A.   SENTENCE THAT REFLECTS THE SERIOUSNESS OF THE OFFENSE and PROVIDES ADEQUATE DETERRANCE TO OTHERS

The proposed sentence of 18 months to serve followed 3 years supervised release is warranted to reflect the seriousness of the offense, provide punishment, instill deterrence and to demonstrate to the public and Graves that this behavior will not be tolerated by society

## SENTENCE THAT PROTECTS THE PUBLIC FROM FURTHER CRIME OF THE DEFENDANT

This sentence protects the public in 2 ways. First, by becoming a felon Graves can't have a firearm. Second, by educating Graves the public will have one less racist spouting hate speech. Finally the change in public attitudes takes place one citizen at a time; in this case it starts with Graves.

## C.  PROVIDE THE DEFENDANT WITH TREATMENT IN THE MOST EFFECTIVE MANNER

§3552(a)(2)(D), requires a sentencing court to evaluate the need to provide defendants with education, training, **treatment** or medical care in the most effective manner, and its possible conflict with U.S.S.G. §5C1.1; §3553(a)(7), directing

courts to consider the need to provide restitution, and its conflict with the Guidelines prohibition on departures to facilitate restitution; and the Guidelines' potential conflict with the primary directive of §3553(a), to "'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of sentencing."  See United States v. Nellum, 2005 U.S. Dist. LEXIS 1568.

The Nellum court wrote: "What complicates this task [of sentencing] after Booker is that many of the §3553(a) factors – such as the history and characteristics of the defendant, See §3553(a)(1) – are factors that the guidelines 'either reject or ignore.'"  [Citation omitted.]

The Guidelines sentencing scheme violated not just the Sixth Amendment, but 18 U.S.C. §3661: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," cited in Breyer, J., slip op., 8.  The Guidelines placed every limitation on the courts' consideration of such matters – except for prior bad and uncharged acts, criminal history (including arrests not

resulting in conviction, a common element of PSRs), the all-inclusive "relevant conduct" and other negative information. The tacit purpose of the Sentencing Guidelines wasn't just to ensure consistent sentences, but to ensure <u>longer</u> sentences. The Guidelines were effectively a prosecution brief – and not a "virtual" prosecution brief, either.


**Conclusion:**

    Graves is a young man with his whole life ahead of him. He has truly addressed his conduct and thinking. More importantly he has changed for the better. He deeply regrets his conduct and asks the court to not simply warehouse him, but rather sentence him to serve 18 months which at this point is time served.


    DATED this 19th day of October, 2020, at Anchorage, Alaska.

S/Allen N. Dayan
310 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-277-7780
Email: alllendayan@yahoo.com
Alaska Bar No. 8811179


<u>Certificate of Service</u>

I hereby certify that on October 19, 2008, a copy of the foregoing sentencing Memorandum was Electronically Served on ASUSA Jonas Walker and U.S. Probation Officer Mathew Jedrosko.


S/Allen N. Dayan